Chancellor James
afterwards delivered the decree ofthe Court:
Complainant states in his bill that Philip Hawkins, id . i . , . his life time, was indebted to the intestate Thomas Cra-> ven,- in the sum of 7772 pieces of eight and four rials, by his promissory note, dated the 6th of November, 1781.-— ■That the said Philip Hawkins , died in 1781, having first-made his will, and appointed defendant John Owen, and John L. óervais, since deceased', his executors % ánd that the said Philip Hawkins, at his death, left- a considerable private estate, besides Copartnership funds, as one of the copartners of Hawkins, Petrie and company.- That the said Thomas Craven obtained a judgment oil the Said, note in 1789, against the executors of Philip Hawkins, which has not yet been satisfied. Complainant therefore prays that the ¿[efendant may account with him as administrator of the said Thomas Craven, now deceased, and discover what assets of the said Philip Hawkins came info his hands to be administered.
Defendant admits the said judgfíient, subject to the plea oíplene o.dministrmñt. He also admits the said copartner *459 .ship clid exist, bút does not - admit that the funds thereof were sufficient to pay the debts : and that under the belief the same would be insufficient, a bill was filed by the exeT cutors to subject the private estate of the said Philip Haw-bins to the payment of the copartnership debts, on the ground that the private estate had been purchased with the copartnership funds previous to- a settlement of the debts. That a decree was made upon the said bill on the •20th December, 1787, which directed that the estate of the said Philip Hawkins should be sold agreeably to the instalment law, and that the executors should retain so much of the monies arising therefrom as would satisfy the copartnership debts. That the real estate of Philip Hawkins has been sold according tq said decree, and the proceeds are accounted for in the answer.
That the executor received from Henry Laurens, juru part of the funded stock and choses in action of Hawkins, Petrie & company, which he also accounts for, but does not admit that the same was sufficient to pay the debts of the concern. Also, defendant admits that he is indebted to the said estate of Philip Hawkins lllli. 9.?. 2d. for which he states he is ready to account.
Upon this bill and answer, the court are clearly of opinion that they cannot at this day, and with the present parties before them, either reverse or in any manner alter the-decree of 1787. After such a lapse of time, and without all the proper parties before us, i.t is to be prespiped that every thing done by the court at that day was done regularly, and that the decree was made upon the fullest evidence of the point upon which the court decided, viz. that the private estate of Philip Hawkins was purchased with’ the copartnership funds before a settlement of the debts of the concern. Nothing would more shake the title to property in this country, or render its tenure more uncertain’ than thus by a side wind to overturn a decree of this court. But as the defendant John Owen, has made it appear that the copartnership debts are now settled, and that there is jjtill a part of the private estate of Philip Hawkins unadíní.-: *460 nistered ; let thi complainant come in with the other ere» ditors for his proportion of. the monies, stock, debts, &c, stp5 in the hands of the executor to be administered : but no part of the monies paid under the decree of 1787, is to be taken into the estimate since that was paid under a good authority. Astothe debt of De Neufville, which hasnot as yet been properly claimed, let the executor John Owen write to such persons as are best qualified to give him information upon that subject: and if no claim is brought forward properly before the ilext court, then let the proportion of complainant be further increased, so much as the leaving of this debt out of the calculation hereafter, will increase the fund for each'creditor. ’■
Costs to be paid out of. the'estate.